IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| JOSE VENTURA GRANADOS<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Prince George's County)<br><br>      Plaintiff,<br><br>v.<br><br>BD3 DESIGN, LLC<br>d/b/a BD3 DESIGN<br>3120 Cheverly Avenue<br>Cheverly, MD 20785<br>(Prince George's County)<br><br>ROBERT JOSEPH DELEONIBUS III<br>6100 43rd Street<br>Hyattsville, MD 20781<br>(Prince George's County)<br><br>      Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked for Defendants as a carpenter, Defendants did not pay him overtime wages when he worked more than forty hours in a workweek. Moreover, Defendants did not pay Plaintiff his final paycheck.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

3.  Plaintiff attempted to resolve this matter with Defendants prior to litigation. On January 15, 2020, Plaintiff sent Defendants a demand letter package. But Defendants only offered to pay Plaintiff for his unpaid hours. Defendants ignored Plaintiff's attempt to resolve the dispute over unpaid overtime wages.

## Jurisdiction and Venue

4.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because all of the parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

6.  Plaintiff Jose Ventura Granados is an adult resident of Prince George's County, Maryland.

7.  Defendant BD3 Design, LLC is a Maryland corporate entity. It does business as BD3 Design. Its principal place of business is registered at 3120 Cheverly Avenue, Cheverly, MD 20785. Its resident agent for service of process is Robert Deleonibus III, 3120 Cheverly Avenue, Cheverly, MD 20785.

8.  Defendant Robert Joseph Deleonibus III is an adult resident of Maryland. He resides at 6100 43rd Street, Hyattsville, MD 20781. He is an owner and officer of Defendant BD3 Design, LLC. He exercises exclusive control over the operations of BD3 Design, LLC — including its pay practices.

## Factual Allegations

9.  Defendants own and operate an event production and design firm. They operate out of a warehouse located at 3405 Windom Road, Brentwood, MD 20722.

10. Plaintiff worked at BD3 Design from approximately September 16, 2018 through approximately October 26, 2019.

11. Plaintiff worked in Maryland.

12. Plaintiff worked at BD3 Design as a carpenter.

13. Plaintiff's job duties at BD3 Design consisted of constructing platforms and other staging for weddings and other events.

14. Plaintiff typically and customarily worked between five and seven days per week.

15. Plaintiff worked an average of approximately fifty-five hours per week.

16. At all relevant times, Defendants paid Plaintiff by the hour.

17. At all relevant times, Defendants paid Plaintiff $25.00 per hour.

18. In addition to an hourly wage, Defendants also reimbursed Plaintiff for costs incurred while he performed his work. For example, Defendants reimbursed Plaintiff for purchasing gasoline and construction supplies.

19. At all relevant times, Defendants paid Plaintiff by check, with no accompanying paystub.

20. Plaintiff worked more than forty hours per workweek for Defendants.

21. Defendants paid Plaintiff the same regular hourly rate across all hours worked.

22. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

23. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $11,000.00 in overtime wages (excluding liquidated damages).

24. Moreover, Defendants did not tender Plaintiff his final paycheck.

25. Defendants did not pay Plaintiff for approximately eighty hours of work.

26. Defendants owe Plaintiff approximately $2,000.00 for these eighty unpaid hours (excluding liquidated damages).

27. At all relevant times, Defendants had the power to hire and fire Plaintiff.

28. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

29. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

30. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

31. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

32. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

33. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

34. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

35. For example, Defendants had two or more employees who handled lumber and construction materials that had been produced outside of Maryland.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

36. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

37. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

38. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1).

39. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

40. Defendants' violations of the FLSA were willful.

41. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

42. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

43. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

44. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

45. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

46. Defendants' violations of the MWHL were willful.

47. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

48. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

49. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

50. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

51. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

52. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

53. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including regular and overtime wages.

54. Defendants' violations MWPCL were willful.

55. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**43,600.00**, and grant the following relief:

    a.    Award Plaintiff $39,000.00, consisting of the following overlapping elements:

     i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

     ii.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

     iii.    three times the amount of unpaid regular and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $4,200.00);

d.    Award Plaintiff court costs (currently, $400.00); and

e.    Award any additional relief the Court deems just.

Date: March 3, 2020

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*