IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE VENTURA GRANADOS<br>    Plaintiff | * | |
| | * | |
| v. | * | Case No.: 8:20-cv-00579-PWG |
| BD3 DESIGN, LLC, *et al.*,<br>    Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

I have reviewed Plaintiff Jose Ventura Granados' Motion for Default Judgment, ECF No. 13,[1] the exhibits thereto, and the record in this case. For the following reasons, Plaintiff's motion shall be GRANTED in part and DENIED in part.

Mr. Granados commenced this action on March 3, 2020 by filing a complaint alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.* Compl., ECF No. 1, 1. Mr. Granados worked as a carpenter for Defendant Bd3 Design, LLC ("Bd3 Design") and under the supervision of Bd3 Design's owner, Defendant Robert Joseph Deleonibus, III, from approximately September 16, 2018 through October 26, 2019. *Id.* at 2–3. Mr. Granados alleges that despite working an average of 55 hours per week, he was paid his regular hourly wage of $25.00 for the hours worked over 40 hours rather than

---

[1] Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a) (D. Md. 2021). A hearing is not necessary. *See* Loc. R. 105.6.

being paid overtime wages of time and a half. *Id.* at 3. He also alleges that Bd3 and Mr. Deleonibus failed to pay him for 80 hours of wages during his final two weeks of employment, where he also worked 55 hours both weeks. *Id.* at 3; Mot. Default Jud., ECF No. 13, 2; Mot.'s Ex. C (Damage Calculations), ECF No. 13-3, 2. Mr. Granados alleges that he was paid by check and was not provided paystubs. Compl., 3.

Mr. Granados asks for this Court to enter judgment in his favor in the amount of $45,741.95. Mot. Default Jud., 5. This includes $10,500.00 in unpaid overtime wages, $2,375.00 in unpaid wages during his last two weeks of work, an additional $25,750.00 in treble damages,[2] $6,555.00 in attorneys' fees, and a total of $526.95[3] in fees and expenses. *Id.* at 3–5.

I find that Bd3 Design and Mr. Deleonibus were properly served, *see* Summons, ECF Nos. 4 and 5, yet failed to plead or otherwise defend. Mr. Granados moved for entry of default, ECF No. 7, to which the Clerk of Court ordered default, ECF No. 8. Subsequently, on behalf of Bd3 Design, Mr. Deleonibus filed correspondence requesting that the order of default[4] be struck. Correspondence, ECF No. 11. Mr. Deleonibus explained that Bd3 Design did not respond to the complaint because it was in settlement negotiations with Mr. Granados' counsel and was misinformed about the application of the complaint response deadline due to those negotiations. *Id.* On August 31, 2020, I ordered a 30-day extension for Defendants to seek counsel and file a motion to vacate the order of default. Letter Order on Def. Jud., ECF No. 12. I advised that I

---

[2] Specifically, Mr. Granados indicated in his motion that he seeks a total of $38,625.00 in damages for unpaid wages, which is three times the amount of alleged total unpaid wages. Mot. Default Jud., 4–5.
[3] This encompasses "$120.00 in service expenses, $400.00 in court costs, and $6.95 in mailing expenses." Mot. Default Jud., 5.
[4] Proceeding *pro se*, Mr. Deleonibus requested that "any default judgment" be struck. I interpret this to be referring to the entry of default because Mr. Granados had not yet filed his motion for default judgment.

2

would act on the entry of default if no action was taken by September 30, 2020. *Id.* No further action was taken by Defendants. Mr. Granados consequently filed a motion for default judgment.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default judgment, however, is not automatic, and is left to the discretion of the court. *Choice Hotels Int'l., Inc. v. Jai Shree Navdurga, LLC*, Civil Action No. DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. 2012). Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), default judgment may be appropriate where a party is, as here, unresponsive, *see S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

Here, default judgment is sought with respect to an undercompensated overtime and unpaid regular wages claim under the FLSA, MWHL, and MWPCL. Employers must pay their employees overtime wages of one-and-one-half times the employee's regular hourly wage for every hour worked over 40 hours under both the FLSA and MWHL. 29 U.S.C. § 207(a)(1); Md. Code, Lab. & Empl. Art., §§ 3-415(a), 3-420(a). Under the MWPCL, employers must pay employees all wages owed for work performed prior to termination, where "wages" includes overtime payments. Md. Code, Lab. & Empl. Art. §§ 3-501(c), 3-505. Taking Mr. Granados' well-pleaded complaint as true, Bd3 Design and Mr. Deleonibus were employers under the FLSA, MWHL, and MWPCL. Compl., 4–6. Mr. Granados maintains that Defendants failed to pay him overtime wages throughout his employment from September 2018 to October 2019, as well as for eighty hours worked in his last two weeks of employment. Compl., 3–6; Mot.'s Ex. A (Pl.'s Aff.), ECF No. 13-1; Damage Calculations. He asserts that he was owed an additional $187.50 in overtime pay for each week of employment up to October 13, 2019, and for $2,375 in unpaid wages from October 14, 2019 to October 27, 2019. Damage Calculations; Mot. Default Jud., 3–4.

An employee bears "the burden of establishing the hours he claims to have worked." *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737 (D. Md. 2005). However, if the defendant employer does not produce time sheets, the employee may prove hours worked by "'produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 309 (D. Md. 2014) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), *superseded by statute on other grounds as stated in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516–17 (2014)). Thus, "'[a] prima facie case can be made through an employee's testimony giving his recollection of hours worked ….'" *Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425, at *4 (D. Md.

4

Feb. 27, 2012) (quoting *Donovan v. Kentwood Dev. Co., Inc.*, 549 F. Supp. 480, 485 (D. Md. 1982)). Thus, through his complaint, affidavit, and exhibit of damage calculations, which includes recollected wages paid versus wages owed for each week of his employment, Mr. Granados has established Defendants' liability and violation of the FLSA, MWHL, and MWPCL.

Having established that Bd3 Designs and Mr. Deleonibus are liable for FLSA, MWHL, and MWPCL violations, I must determine appropriate damages. The FLSA provides that a prevailing plaintiff may receive unpaid wages, unpaid overtime wages, and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The MWPCL provides that the plaintiff may receive "an amount not exceeding 3 times the wage" when the violation was "not as a result of a bona fide dispute."[5] *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 796 (D. Md. 2010) (quoting Md. Code, Lab. & Empl. § 3–507.2(b)).[6] Plaintiffs cannot recover more than once for the same harm, so I will conduct my analysis under the MWPCL, as it offers the greatest possible amount of damages. *See Mata*, 2015 WL 6674650 at *4.

Here, Mr. Granados contends that he is owed $10,500.00 in unpaid overtime wages and $2,375.00 in unpaid wages during his final two weeks of employment. Mot. Default Jud., 3–5. To calculate damages for unpaid overtime, "the Court takes the undercompensated hours and multiplies that figure by one-half the employee's base hourly rate, the difference between the

---

[5] A "bona fide dispute" is "'a legitimate dispute over the validity of the claim or the amount that is owing [ ]' where the employer has a good faith basis for refusing an employee's claim for unpaid wages." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 627 (Md. 2014) (quoting *Admiral Mortg., Inc. v. Cooper,* 745 A.2d 1026, 1031 (Md. 2000)). The court is "required to make a predicate finding as to whether the wages were withheld pursuant to a bona fide dispute . . . . before proceeding to the question of enhanced damages." *Id.* at 626. However, the "burden of production with respect to showing a bona fide dispute" falls on the employer. *See id.* at 627–28. Because Defendants have been non-responsive in this action and have consequently not met the burden of production, I find that there is no bona fide dispute here.

[6] The *Monge* Court quotes from § 3–507.2(b) but cited § 3–507.1(b) in the opinion.

mandated overtime rate and the employee's regular rate." *Mata*, 2015 WL 6674650 at \*5. Likewise, for unpaid regular time, "the Court takes the hours worked without compensation and multiplies that figure by the employee's base hourly rate." *Id.* Mr. Granados worked 15 overtime hours per week from September 17, 2018 to October 13, 2019, or 840 total overtime hours (15 hours x 56 weeks), when his base wage was $25.00 per hour. *See* Damage Calculations. He is therefore owed $10,500.00 in unpaid overtime for those hours (840 hours x $12.50 per hour). He also worked 55 hours from October 14, 2019 to October 20, 2019, for which he was compensated only $750.00, as well as 55 hours from October 21, 2019 to October 27, 2019, for which he was not compensated. For each of these weeks, Mr. Granados should have been paid $1,562.50 (40 regular hours x $25.00 per hour, plus 15 overtime hours x $37.50 per hour [overtime rate of $25.00 plus half of that amount, or an additional $12.50 per hour]). Thus, he should have been paid a total of $3,125.00 for both weeks. Because he was paid $750.00 for the week of October 14, subtracting that amount from $3,125.00, the total amount Mr. Granados is owed for these final two weeks of work is $2,375.00. I thus find that Mr. Granados is owed $10,500.00 in underpaid overtime wages and $2,375.00 in unpaid regular and overtime wages during his final two weeks of employment for a total of $12,875.00 in unpaid wages.

I next must address whether to award treble damages, as Mr. Granados requests that his unpaid wages be tripled[7], per the maximum damages permitted by the MWPCL, for a total award of $38,625.00 in damages. "[A]n employee is not presumptively entitled to enhanced damages," and the Court "has the discretion to decline any award of enhanced damages, notwithstanding a

---

[7]     Note that the MWPCL does not provide for a maximum total award of wages-owed *plus* three times that amount; the most a plaintiff can be awarded as a whole is their wages-owed times three.

finding that there was no bona fide dispute." *See Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 630 (Md. 2014) (discussing the trier of fact's discretion). In determining whether to award enhanced damages, the Court may consider "'significant consequences' of being underpaid, such as 'being unable to meet . . . weekly or monthly obligations, ranging from embarrassment, to late charges, to repossessions, eviction, and, if the employee is responsible for child support, the prospect of coercive court proceedings and the loss of various licenses and privileges.'" *Mata*, 2015 WL 6674650 at *5 (quoting *Admiral Mortg. Inc. v. Cooper*, 745 A.2d 1026, 1034 (Md. 2000)). Mr. Granados has not provided any evidence of such consequential damages in any of his filings, including in his complaint. Courts in this district have held that wages be doubled, rather than tripled, in default judgment cases where the plaintiffs proffered no evidence of consequential damages. *See Monge*, 751 F. Supp. 2d at 799–800; *Lopez v. Lawns 'R' Us*, No. DKC 07-2979, 2008 WL 2227353, at *4 (D. Md. May 23, 2008). I likewise find that it is appropriate to double Mr. Granados' unpaid wages of $12,875.00 here rather than to treble them. I therefore award Mr. Granados a grand total of $25,750.00 in damages for unpaid wages.

In addition to providing for damages, the MWPCL also provides for a prevailing plaintiff to be awarded attorneys' fees and costs when wages were not withheld as a result of a bona fide dispute. Md. Code, Lab. & Empl. § 3-507.2(b). Mr. Granados seeks $6,555.00 in attorneys' fees, as well as $526.95 in costs for $120.00 in service expenses, $400.00 in court costs, and $6.95 in mailing expenses. Mot. Default Jud., 5. In his declaration, Mr. Zelikovitz provides the grounds for the request and bills supporting the requested costs. Loc. R. App. B § 1.a, 109.1.b. (D. Md.

2021); Mot.'s Ex. E (Attorney's Aff.), ECF No. 13-5; Mot.'s Ex. D (Billing Entries), ECF No. 13-4.[8]

The requested $350.00 hourly rate for attorneys' fees for both Mr. Zelikovitz and Mr. Jonathan Tucker, Esq., Attorney's Aff., 2, are consistent with guidelines in Loc. R. App. B § 3. Mr. Granados also seeks fees for work done by four support staff personnel (Mr. Nicolas Wulff, paralegal; Ms. Julia Gutierrez, administrative assistant; Ms. Norma Sanchez, receptionist; and Ms. Sarah Knox, law clerk)[9] at an hourly rate of $150.00. Attorney's Aff., 2; Billing Entries, 3–5. Local Rule guidelines provide suggested rates only for "paralegals and law clerks." Loc. R. App. B § 3. "Non-attorney support staff may be compensated for performing similar functions," however, a court in this district found it appropriate for rates of non-attorney support staff like Ms. Gutierrez and Ms. Sanchez to be at the "low end of the [g]uideline range" because "their skills and qualifications do not warrant the same rate as a paralegal with additional legal training and experience." *Ramirez v. 316 Charles, LLC*, No. CV SAG-19-03252, 2021 WL 662185 at *5 (D. Md. Feb. 19, 2021). I concur and find that an hourly rate of $95.00 is appropriate for hours billed by Ms. Gutierrez and Ms. Sanchez.

---

[8]   Although Mr. Zelikovitz provides time entries as a separate exhibit per Loc. R. 109(b), it does not at all conform with the required organization by litigation phases per Loc. R. App. B § 1.b. Despite this inconsistency, I will not require a re-filing in the proper format for judicial economy and because the number of billings and amount at issue here is not too extensive. But counsel would be wise to take note of this issue and ensure proper compliance with the local rules of this Court in future cases, lest his request for attorney's fees be delayed by having to resubmit his calculation of fees and costs in compliance with the local rules.

[9]   The Court takes judicial notice of each of the support staff's professions, Fed. R. Evid. 201, as well as the fact that attorneys' fees were recently sought for hours worked by these individuals in *Ramirez v. 316 Charles, LLC*, No. CV SAG-19-03252, 2021 WL 662185 at *2 (D. Md. Feb. 19, 2021).

In addition, I observed thirteen entries where Mr. Granados' attorneys billed for clerical tasks, such as organizing and uploading documents, filing and mailing documents, and scheduling meetings. Clerical work is not billable as part of attorneys' fees awards. *Id.* at 3 (citing *Brown v. Mountainview Cutters, LLC*, 222 F. Supp. 3d 504, 514 (W.D. Va. 2016); *Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 929–30 (E.D. Va. 2015); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 278 n.10 (1989)). A non-comprehensive list of examples of clerical work are "collating and filing documents with the court, issuing summonses, scanning and mailing documents, reviewing files for information, printing pleadings and preparing sets of orders, document organization, creating notebooks or files and updating attorneys' calendars, assembling binders, emailing documents or logistical telephone calls with the clerk's office." *Two Men & A Truck/Int'l, Inc.* 128 F. Supp., 929–931 (citations omitted). I thus strike the following billing entries for clerical work:[10]

| Date | Description of Billing Entry | Billed Amount |
|---|---|---|
| October 1, 2020 | Upload audio voicemail left by the Defendant with our client. | $15.00 |
| August 20, 2020 | Scan and upload letter from Defendant. Email letter to J. Tucker and J. Zelikovitz. | $15.00 |
| July 16, 2020 | Call court administrator and inquire regarding status of June 30th motion for clerk's entry of default. | $210.00 |
| June 30, 2020 | Mail out documents to Defendants. | $30.00 |
| June 25, 2020 | File affidavits of service for both Defendants | $15.00 |
| March 3, 2020 | Send case out for service. | $45.00 |
| February 6, 2020 | Obtain and upload the tracking info for the demand letter. | $15.00 |
| January 15, 2020 | Mail Demand Letter and Complaint to the Defendant. | $15.00 |
| January 9, 2020 | Upload and organize client bank statements. | $105.00 |
| December 19, 2019 | Schedule potential co-plaintiff for intake. | $15.00 |

---

[10]   The descriptions of billing entries were provided in Billing Entries, 3–5.

| December 17, 2019 | Assign N. Sanchez to create hours worked calculations on Excel. | $15.00 |
| November 26, 2019 | Convert lead to case. | $15.00 |
| November 25, 2019 | Phone call with prospective client and schedule him for intake. | $30.00 |

After re-calculating Ms. Gutierrez and Ms. Sanchez's billing entries by using an hourly rate of $95.00 and after striking the clerical billing entries, I find that a total award of $5,252.50 in attorneys' fees is an appropriate amount. I also find that a $526.95 award for incurred costs is appropriate here.

Combining $25,750.00 in damages, $5,252.50 in attorneys' fees, and $526.95 in costs, I therefore award Mr. Granados a total award of $31,529.45.

## **ORDER**

For the foregoing reasons, it is, this 28th day of July, 2021, ORDERED:

1. Plaintiff's Request for Judgment by Default, ECF No. 13, is GRANTED in part and DENIED in part

2. Pursuant to Federal Rule of Civil Procedure 58, Judgment by default is hereby entered in favor of Plaintiff Jose Ventura Granados and against Defendants Bd3 Design, LLC and Robert Joseph Deleonibus, III as follows:

    a. Plaintiff is awarded $25,750.00 in damages;

    b. Plaintiff is awarded attorneys' fees of $5,252.50 incurred in this case; and

    c. Plaintiff is awarded costs of $526.95.

3. The Clerk of the Court shall send copies of this Order to the parties and CLOSE this case.

                                    /S/
                            Paul W. Grimm
                            United States District Judge